IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

KAYLEE PUGH,
**Appellant Below, Petitioner**

**v.) No. 25-ICA-109**   (W. Va. Off. of Inspector Gen. Bd. of Review Case No. 25-BOR-1516)

**WEST VIRGINIA DEPARTMENT OF HUMAN SERVICES, BUREAU FOR SOCIAL SERVICES,**
**Respondent Below, Respondent**

**FILED**

**September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Kaylee Pugh appeals the March 5, 2025, Dismissal Order of the West Virginia Office of Inspector General Board of Review ("Board of Review"). In that order, the Board of Review concluded that the matters raised by Ms. Pugh were previously adjudicated by the Board of Review in its February 7, 2020, Decision of State Hearing Officer. Respondent West Virginia Department of Human Services Bureau for Social Services ("Department") filed its response.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board of Review's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the February 7, 2020, Decision of State Hearing Officer, issued in Board of Review case number 19-BOR-2785, a hearing was held on January 15, 2020, pursuant to a hearing request filed by Ms. Pugh on December 2, 2019. Ms. Pugh and a representative of Adult Protective Services ("APS") appeared at the hearing and gave evidence. Based upon the evidence before it, the Board of Review's Administrative Law Judge ("ALJ") found that A.A. was a resident at the group home where Ms. Pugh worked.[2] A.A. had dementia and was required to have a bed check every fifteen minutes. On July

---

[1] Ms. Pugh is self-represented. The Department is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Katica Ribel, Esq.

[2] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In Re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

26, 2019, while assigned to care for A.A. and another resident, Ms. Pugh went into A.A.'s room and laid down for four hours because Ms. Pugh had a migraine. Ms. Pugh did not complete any assigned duties during the period including checking on the other resident assigned to Ms. Pugh. As a result, the ALJ determined that the allegation of neglect against Ms. Pugh was correctly substantiated and upheld the same. There is nothing in the record to indicate that this decision was appealed by Ms. Pugh.

On March 4, 2025, the Board of Review received another hearing request form from Ms. Pugh. The form indicated that Ms. Pugh was filing the form because a background check for employment at a daycare showed the prior APS maltreatment finding for the incident that occurred in 2019.

On March 5, 2025, the Board of Review's ALJ entered the Dismissal Order now on appeal. In that order, the ALJ found that the matters raised by Ms. Pugh were previously adjudicated by the Board of Review in the Decision of State Hearing Officer issued on February 7, 2020.

Ms. Pugh now appeals the March 5, 2025, Dismissal Order. This appeal is governed by the following standard of review:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16B-2-2(c) (2024) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board of Review appeals); W. Va. Code § 49-4-601b(b) (2023) (a person has right to appeal Board of Review decision to court designated under West Virginia Code § 29A-5-1 to -5).

On appeal, Ms. Pugh does not specifically assert assignments of error, which violates Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure.[3] Nevertheless, Ms. Pugh argues generally that the Board of Review erred by not reversing the prior substantiated finding of neglect. We disagree. The doctrine of res judicata was developed in the context of judicial proceedings but may be applied to administrative actions as well. *See State v. Miller*, 194 W. Va. 3, 9, 459 S.E.2d 114, 120 (1995). "*Res judicata* generally applies when there is a final judgment on the merits which precludes the parties . . . from relitigating the issues that were decided or the issues that could have been decided in the earlier action." *Id.* (citations omitted).

The Supreme Court of Appeals of West Virginia has established a three-part test for determining whether a matter is barred by res judicata:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, in part, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997).[4]

---

[3] While the failure to assert assignments of error can be fatal to appellate review, *see Wilson v. Kerr*, No. 19-0933, 2020 WL 7391150, at *2 (W. Va. Dec. 16, 2020) (memorandum decision), here, the simplicity of Ms. Pugh's case is easily distinguishable from the complexity of the *Wilson* case, where our Supreme Court of Appeals noted that the number of named defendants alone underscored the need for a clear recitation of the asserted error.

[4] While Syl. Pt. 2, *Vest v. Bd. of Educ. of Cnty. of Nicholas*, 193 W. Va. 222, 455 S.E.2d 781 (1995) and its progeny require that "the procedures employed by the agency must be substantially similar to those used in a court" for res judicata to apply to administrative agency decisions, those cases involve application of res judicata to a subsequent lawsuit in a court of law after an initial determination in a prior administrative proceeding. In this matter, the subsequent proceeding was also before the same administrative agency that rendered the initial decision, not a court of law, so the requirement that the procedures of the agency must be substantially similar to those used in a court of law is irrelevant to the application of res judicata in this matter.

Here, as evidenced by the February 7, 2020, Decision of State Hearing Officer, there was a final adjudication on the merits.[5] Further, the Board of Review had jurisdiction to hear contested cases of this nature. S*ee* W. Va. Code § 16B-2-2(a) ("The Board of Review shall provide a fair, impartial, and expeditious grievance and appeal process ... to all parties of contested cases arising under § 29A-5-1 et seq."). Next, both Ms. Pugh and the Department were parties to the prior proceeding before the Board of Review, both were present at the hearing, and both presented their respective evidence. Lastly, the issue in the prior proceedings was the substantiated allegation of neglect of A.A. by Ms. Pugh, which is identical to the issue presented in the current proceedings. Therefore, we find that the March 4, 2025, hearing request by Ms. Pugh is barred by the doctrine of res judicata. Accordingly, we find no error in the Board of Review's March 5, 2025, Dismissal Order.

Based on the foregoing, we affirm the Board of Review's March 5, 2025, Dismissal Order.

Affirmed.


**ISSUED:** September 30, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[5] The version of West Virginia Code § 29A-5-4 in effect at the time of the February 7, 2020, Decision of State Hearing Officer required Ms. Pugh to file any appeal of the Decision of State Hearing Officer within thirty days. *See* W. Va. Code § 29A-5-4(b) (1998). Since there is nothing in the record to indicate that Ms. Pugh timely appealed the Decision of State Hearing Officer, she cannot now, more than five years later, relitigate the judgment of the ALJ.

4